IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARIVELL PAGAN                  :    CIVIL ACTION
                                :
        v.                      :
                                :
REDNER'S MARKETS, INC.          :    NO. 12-3487

## MEMORANDUM

SANCHEZ, J.                                    FILED
                                              JULY 2, 2012

Plaintiff Marivell Pagan filed this pro se civil action against Redner's Markets, Inc. She seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint without prejudice to her filing an amended complaint.

I. **FACTS**

The complaint asserts product liability claims against Redner's Markets, Inc. Plaintiff alleges that, on April 20, 2012, her son bought her a cherry danish from a Redner's Market in Allentown. The packaging on the danish bore an expiration date of April 17, 2012. Plaintiff stored the danish in the refrigerator. On April 22, 2012, when plaintiff attempted to eat the danish, she began choking on cardboard that was baked into it.

Plaintiff and her family went to the Redner's Market to inform the supervisor of her experience. Plaintiff vomited both inside and outside of the store. She now brings this lawsuit against Redner's Markets for "$100,000.00 for choking, emotional stress, throwing up, embarrassment, humiliation, . . .

sentimental value and injury." (Compl. 4.)

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because she has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

"Because federal courts are courts of limited jurisdiction, a plaintiff may invoke the jurisdiction of a federal court only pursuant to a statutory grant of authority to adjudicate the asserted claim." Clinton Cnty. Comm'rs v. U.S. Envtl. Prot. Agency, 116 F.3d 1018, 1021 (3d Cir. 1997) (en banc). The complaint asserts products liability claims against Redner's Markets pursuant to state law, but it is not clear that the court

2

possesses jurisdiction over those claims.[1]

Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant."). An individual's citizenship is determined by her domicile, i.e., her "fixed and permanent home and place of habitation." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006) (quotations omitted). A corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, it is not clear whether the parties are diverse because the complaint does not state the parties' citizenship.

A district court should ordinarily allow a pro se plaintiff to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, plaintiff will be provided an opportunity to file an amended complaint to cure the jurisdictional defect in her initial filing. If she files an amended complaint, plaintiff shall identify (1) the state of her citizenship; (2) the state of the defendant's incorporation; and (3) the state where the defendant maintains its principal place

---

[1] No federal claims are apparent from the complaint. Accordingly, 28 U.S.C. § 1331 does not provide a basis for this Court's jurisdiction.

3

of business.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint without prejudice to her filing an amended complaint. An appropriate order follows.

**BY THE COURT:**

*/s/ Juan R. Sanchez*
**JUAN R. SANCHEZ, J.**

7/2/12 mail:
Pagan

4