IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIVELL PAGAN | FILED | CIVIL ACTION |
| v. | AUG 13 2012 | |
| REDNER'S MARKETS, INC. | MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk | NO. 12-3487 |

### MEMORANDUM

SANCHEZ, J.                                          AUGUST 13th, 2012

    Currently before the Court is plaintiff Marivell Pagan's pro se amended complaint against Redner's Markets, Inc. The amended complaint raises state law claims based on plaintiff's allegation that she choked on a danish that her son purchased from a Redner's Market. For the following reasons, the Court will dismiss the amended complaint.

    In a July 2, 2012 Memorandum and Order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed her initial complaint without prejudice because it was not clear that diversity jurisdiction existed, given plaintiff's failure to allege the parties' citizenship. Accordingly, the Court granted plaintiff leave to file an amended complaint identifying "(1) the state of her citizenship; (2) the state of the defendant's incorporation; and (3) the state where the defendant maintains its principal place of business." (July 2, 2012 Mem. at 3-4.) Plaintiff's amended complaint does not allege the state where Redner's Markets is incorporated or where it maintains its principal place of business. Furthermore, the amended complaint alleges that both plaintiff and Redner's Markets are citizens of

1

Pennsylvania.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Diversity jurisdiction requires diversity of citizenship among the parties and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a). "Complete diversity requires that[] . . . no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). As Redner's Markets, Inc. is a corporation, its citizenship is determined by its state of incorporation and the state where it maintains its principal place of business. See 28 U.S.C. § 1332(c). Despite having been informed of that legal principle, plaintiff has failed to include the relevant allegations concerning Redner's Markets's citizenship in her amended complaint. See S. Freedman & Co. v. Raab, 180 F. App'x 316, 320 (3d Cir. 2006) ("Freedco's bald allegations that the corporate parties are 'citizens' of certain states are insufficient to carry its burden of pleading the diversity of the parties."). Furthermore, if Redner's Markets is, in fact, a citizen of Pennsylvania, this Court clearly lacks jurisdiction because the parties are not diverse.

For the foregoing reasons, plaintiff's amended complaint will be dismissed for lack of subject matter jurisdiction. Plaintiff will not be given another opportunity to amend, as the Court believes that further amendment would be futile. An appropriate order follows.